DOCKET NO. 483

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE CALIFORNIA FLOWERLAND, ET AL., SECURITIES LITIGATION

ORDER DENYING TRANSFER*

Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, for centralization of the three actions listed on the attached Schedule A in the District of the District of Columbia.1/   The movant is one of approximately 140 defendants in the California action listed on Schedule A.   The Securities and Exchange Commission (SEC), which is the plaintiff in the two District of Columbia actions listed on Schedule A, opposes centralization and, pursuant to Section 21(g) of the Securities Exchange Act of 1934, 15 U.S.C. §78u(g), has refused to consent to coordination or consolidation of the two District of Columbia actions with the other action in this docket.2/   All other responding parties also oppose transfer.

---

\*      Judges Roy W. Harper and Sam C. Pointer, Jr., took no part in the decision of this matter.

1/   Originally two motions for centralization were filed in this docket.  Another motion to transfer had been filed by an individual who was one of two defendants in a private civil action pending in the District of Columbia and who was also a defendant in the California action listed on Schedule A.   The motion, joined in by the other defendant in that District of Columbia action, had sought transfer of the California action to the District of the District of Columbia for centralization with that District of Columbia action.   The motion did not include the two District of Columbia actions listed on Schedule A which are presently before the Panel.   The movant withdrew his motion on February 12, 1982, and his codefendant withdrew its joinder in the motion on February 17, 1982.   Accordingly, that matter is no longer before the Panel.

2/   Section 21(g) of the Securities Exchange Act of 1934, 15 U.S.C. §78u(g), provides:

"Notwithstanding the provisions of Section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission...."

-2-

On the basis of the papers filed,[3/] we find that Section 1407 transfer is neither possible nor appropriate in this docket.  The SEC has declined to consent to inclusion of the two District of Columbia actions in centralized pretrial proceedings.  There are thus no actions subject to the motion before the Panel with which the California action could be coordinated or consolidated for pretrial proceedings. Even had such consent been given, transfer under Section 1407 would not have served the convenience of the parties or the witnesses nor furthered the just and efficient conduct of the litigation.  Final judgments have been entered in the District of Columbia actions and movant has not shown that the proceedings remaining to be completed in those actions would share significant factual questions with the California actions.

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 be, and the same hereby is, DENIED.

FOR THE PANEL:

_Andrew A. Caffrey_
Andrew A. Caffrey
Chairman

---

[3/]   The parties to this docket waived their right to oral argument and therefore the question of transfer under 28 U.S.C. §1407 was submitted on the briefs.  Rule 14, R.P. J.P.M.L., 89 F.R.D. 273, 283-84 (1981).

## Schedule A

**MDL-483 -- In re California Flowerland, et al., Securities
          Litigation**

**Northern District of California**
Robert C. Hudson, et al. v. Capital Management Internatio-
   nal, Inc., et al., C.A. No. C81-1737-MHP
      **District of the District of Columbia**
Securities and Exchange Commission v. California Flower-
   land, Ltd., et al., C.A. No. 80-1900
Securities and Exchange Commission v. Edward H. Heller,
   et al., C.A. No. 80-2608